**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS, TENNESSEE**

PHREDIA LIGGINS,

   Plaintiff,

                                                                        No.

FIRST TENNESSEE BANK NATIONAL ASSOCIATION
        Defendant,

**FIRST COMPLAINT FOR DAMAGES FOR VIOLATIONS OF
TITLE VII, 42 U.S.C. §1981, and the TENNESSEE HUMAN RIGHT ACT**

COMES NOW the Plaintiff, Phredia Liggins by and through her counsel of record and for

a cause of action would show to the Court as follows:

**I.**

**PRELIMINARY STATEMENT**

1.      This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 as amended

        1991 *et. seq.,* the Civil Rights Act of 1866, as amended, 42 U.S.C. § 2000e *et seq.,*  42

        U.S.C. § 1981, and Tennessee common law including punitive damages resulting from

        outrageous conduct, hostile work environment pursuant to Tenn. Code Act §4-21-401 *et*

        *seq.* and 29 U.S.C. §301.

2.      This action is also brought against Plaintiff's employer, First Tennessee Bank and alleges

        discrimination in the terms and conditions of employment on the basis of retaliation

        based on protected activity and including but not limited to hostile work environment and

        retaliation.

## II.

## JURISDICTION and VENUE

3.     Jurisdiction of this action is invoked pursuant to 28 U.S.C. § 1331 and § 1343. This is an action authorized by and filed pursuant to 42 U.S.C. §§1981, 2000.  Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to consider the state law claims because those claims arise out of the same facts and circumstances as the federal claims under Article III of the United States Constitution.

4.     The unlawful employment practices and other actionable conduct were and continue to be committed within the jurisdiction of the United States District Court for the Western Division in the Western District of Tennessee.

5.     Plaintiff has filed a charge of discrimination with federal Equal Employment Opportunity office.  A true and correct copy of said charge number 490-2011-01881 is attached to this Complaint as Exhibit "A".  A Notice of Right to Sue was issued on or about February 29, 2012 and received by the Plaintiff on March 3, 2012 which is hereto attached as Exhibit B.

6.     This action itself is timely filed.

## III.

## PARTIES

7.     The Plaintiff, Phredia Liggins is and was at all times relevant to this action a female resident of Memphis, Tennessee.

8.     Defendant, First Tennessee Bank d/b/a/ First Tennessee Bank National Association can be served with process by serving at it principle place of business.

9.    The principle place of business for First Tennessee Bank National Association is 165

Madison Avenue, 3rd Floor Memphis, Tennessee 38103.


## IV.
## FACTS

10.    The allegations set forth in Paragraphs 1 through 10 of this Complaint are incorporated

herein by reference.

11.    Ms. Liggins begin her career as a credit card representative in March 1987 and remained

in that position until February 2005.  In February of 2005, Liggins left to pursue other

option and returned to the bank in January 2009 as a teller and then moved in January

2010 to the position of financial service representative and she currently holds this

position.

12.    When the Plaintiff returned to the bank she was hired by her supervisor Lynn Stephens

(W/F).  Plaintiff was promised the she would receive training in the financial service

section as she has never work in this sector.  Plaintiff watched as Stephen sent other

younger white female employees out to training outside as the bank.  Plaintiff inquired

about the additional training that Sheri Dison (W/F) (younger) received in financial

services and Plaintiff was told by Stephens that the training would not assist her.

13.    In addition Krista Grannon (W/F) younger than the Plaintiff was hired as a probationary

employee in financial services during this time.   Lynn Stephens actually called Grannon

3

and Liggins into a meeting and asked if Liggins minded coming into to work at the regular hours and allowed Grannon to come in thirty (30) minutes later without explanation.   During this time Grannon came in late and left the same time as the Plaintiff.  Plaintiff was not aware of any business related reason for the disparity in statrt times.

14.     Plaintiff continued to perform her position to the best of her ability.

15.     In February of 2010 the Plaintiff took ill with a nonwork related illness and while out on medical leave which was approved Plaintiff was told that she needed to return to work on or about June 17, 2010 which she did.   During the time that she was being treated for cancer the Plaintiff complied with all requirements of the Defendant incuding returning to work on the date specified so that she would not lose her job. Plaintiff's physician wanted her to return to work on June 22, 2010 and the Defendant refused.

16.     During and after her absence, Plaintiff was disciplined for excessive tardiness during this time for missing 91 hours without what the Defendant claims was unapproved abensesces.

17.     Plaintiff contends that the discipline she received remains in her file and is unwarranted. During her tenure with First Tennessee this is the first discipline that has she received for tardiness.

18.      Plaintiff complained through the avenues of complaint with First Tennessee however the discipline remains in her file.

4

19.     Plaintiff went to the EEOC and filed a Charge of Discrimination about the treatment and the unfair discipline which the Plaintiff believes was based on race, age and retaliation for protected activity.

20.     Plaintiff was told that if she received any further discipline that she will be terminated.

21.     Plaintiff received the Right to Sue Notice in this matter on or about March 3, 2012.

22.     This action is therefore timely filed.


## CAUSE OF ACTION:
## COUNT ONE:

### RACE  DISCRIMINATION

23.     Plaintiff incorporates by reference all allegations contained in paragraphs 1-22 of this Complaint as though fully set forth here.

24.     Since at least 2010, Defendant has engaged in unlawful practices in violation of Title VII and the THRA.

25.     These actions are in violation of the law of the state of Tennessee and of the United States.

26.     Plaintiff incorporates by reference all allegations contained in the preceding paragraphs of this Complaint as though fully set forth here.

27.     Since January 2010 and continuing to the present the Defendants have engaged in unlawful employment practices in violation of Title VII as amended, 42 USC § 2000e-2(a), § 1981. The unlawful practices include, but are not limited to discrimination against the Plaintiff on the basis of engaging in protected activity in the form of complaining

about the treatment that she was given during her illness, the failure to provide training opportunities and the ongoing threat of termination.

28.     Defendants' conduct constitutes willful and wanton action designed solely to harm Plaintiff thereby entitling Plaintiff to punitive damages.

## COUNT TWO:

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND

### OUTRAGEOUS CONDUCT

29.     Plaintiff incorporates by reference all allegations contained in paragraphs 1-26 of this Complaint as though fully set forth here.

30.     The foregoing acts of Defendant including but not limited to the discrimination against the Plaintiff based on race and are intentional and/or reckless are so outrageous so as not to be tolerated by civilized society, and resulted in serious mental injury to Plaintiff.

31.     As a direct and proximate result of Defendant's outrageous and intentional infliction of emotional distress, Plaintiff has suffered damages.

## COUNT THREE:

### RETAILATION

32.     Plaintiff incorporates by reference all allegations in the preceding paragraphs of this Complaint as fully set forth here.

33.     Plaintiff after pursuing her right to engage in protected activity by filing internal requests for accommodations in being off from work as per her doctor's orders the Plaintiff was told that she was to report to work on June 17, 2010 or be fired by the Defendant.

34.    Plaintiff contends that the acts as described above amount to unlawful retaliation for her protected activity of complaints of discriminatory treatment in failing to properly train her for the position of financial services.  Plaintiff contends that she has been adversely affected by the decision force her to work without accommodations and that she tried to perform the essential functions of the job as best she could.

## COUNT FOUR:

## HOSTILE WORK ENVIRONMENT

35.    Plaintiff incorporates by reference all allegations contained in the preceding paragraphs 1-37 of this Complaint as though fully set forth here.

36.    Since at least 2010, Defendants have engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. 1981 and the Tennessee Human Rights Act, 4-21-101 *et seq.*

37.    As a proximate result of the conduct of the Defendants, Plaintiff has been damaged in an amount which has not yet been determined but which exceeds $75,000.00.

38.    Defendants' conduct constitutes willful and wanton action designed solely to harm Plaintiff thereby entitling Plaintiff to punitive damages.

## V.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff having suffered damages demands the following relief against Defendants:

A. Judgment be entered declaring that the actions of the Defendant by and through its agents, servants and employees are in violation of Title VII of the 1964 Civil Rights Act, and the Tennessee Human Rights Act, 42 U.S.C.§1981.

B. Injunctive relief prohibiting Defendant from further harassment and retaliation under all applicable statutes state and federal;

C. As to the Title VII, that judgment against the Defendant for all benefits and equitable relief including back pay and benefits to which Plaintiff may be entitled including training, career ladder advancement and compensatory and punitive damages as may be available under said applicable statutes;

D. That Plaintiff be awarded her reasonable attorney's fees together with cost and disbursements as well as prejudgment interest as provided by law;

E. Plaintiff be awarded such other relied as the court determine is just under the law or in equity or as may be appropriate to effectuate the purposes of the statutes relied upon and;

F. Jury trial is demanded.

8

RESPECTFULLY SUBMITTED,


/s/Florence Johnson
FLORENCE M. JOHNSON #15499
ATTORNEY AT LAW
11 South Idlewild Street
Memphis, Tennessee 38104
 (901) 725-7520 Telephone
 (901) 725-7570 Facsimile
fjraines@johnsonandbrownlaw.com